COBB, Judge,
concurring in part and dissenting in part.
I concur in Parts III and IV of the majority’s unpublished memorandum. I dissent from Parts I and II of the memorandum, because I believe that the prosecution’s failure to timely disclose to the defense crucial portions of the evidence against him resulted in substantial prejudice to Charlie Oneal Peterson.
Peterson was convicted of five counts of unlawful distribution of a controlled substance within three miles of a school and four counts of failure to affix tax stamps. Ken Nix, the son of Peterson’s wife, was involved in a relationship with Tracy Cox. Before the events leading to these charges, Nix and Peterson began to have recurring hostile exchanges and the deputy sheriffs were called on several occasions to investigate the disturbances. Cox alleged that Peterson supplied her with drugs and she agreed to act as a confidential informer and to make controlled drug purchases from him. Thereafter, the sheriffs department arranged for Cox to place telephone calls to Peterson, which the department recorded, and to make controlled drug purchases from him. The alleged drug purchases were recorded using both video and audio equipment.
Peterson requested discovery from the State, and that request included requests for copies of all of the audiotapes and videotapes of the conversations between Peterson and anyone working for the State. Although Peterson repeated his requests on several occasions, the State failed to make the materials — five videotapes and four audiotapes — available until so late in the day on the Friday before the trial was scheduled to begin on the following Monday that Peterson was unable to retrieve the materials until Monday. When the court convened on Monday, May 24, 2004, Peterson moved to suppress the evidence because, he said, it was disclosed to him so late that he had no time to review it thoroughly or to prepare his defense based on the contents of the audiotapes and videotapes. (R. 5.) No transcripts of the audiotapes were provided, and Peterson had no time to have the tapes transcribed.
The trial court stated that it had allowed Peterson more than an hour to view the videotapes that morning and that he could listen to the audiotapes overnight, because testimony would not be taken at trial until the following morning. Peterson moved *1084 for a continuance, based on the late disclosure of the evidence, noting he had no time to authenticate the audiotapes and videotapes or to rebut them. The court denied Peterson’s motion to suppress and the motion to continue. On the following morning, Peterson again moved for a continuance, arguing that he did not have time to review the untimely disclosed materials fully. The trial court denied the motion.
The State’s failure to disclose these significant portions of the evidence it introduced at trial was, without question, a violation of Rule 16.1, Ala. R.Crim. P. The late disclosure seriously impaired Peterson’s ability to prepare his defense because the tape-recordings were a primary part of the State’s case against Peterson. At a minimum, the trial court should have granted Peterson’s repeated motions for a continuance, so that he had time to review the untimely disclosed evidence thoroughly and to prepare his defense. I believe that the trial court abused its discretion when it admitted the significant evidence without affording Peterson adequate time to review it.